**E-FILED**
Friday, 28 April, 2006 01:59:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

**FILED**

APR 2 8 2006

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEREK DRIGGERS, | ) | |
| DAVID DRIGGERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v | ) | Case No. 06- *111 2* |
| | ) | |
| MICHAEL SANDERS, PAUL J. WALTERS, | ) | |
| BRIAN DESPINES, RYAN SCHUBERT, | ) | |
| RON CHERRY, DARYL STOECKER, | ) | |
| BRENT TROYER, CREVE COEUR | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, *pro se,* and for their Complaint against Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER, BRENT TROYER and the CREVE COEUR POLICE DEPARTMENT, state and allege as follows:

### Introduction

1.       This action is brought under 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution. Plaintiffs seek damages stemming from the unlawful use of force against them by Defendants. Plaintiffs suffered physical injury, emotional injury and lost wages as a result of Defendants' actions.

1

Jurisdiction and Venue

2.      This Court has jurisdiction of the action under 19 U.S.C. Venue is proper as Plaintiffs are residents of this judicial district and Defendants are employed and/or reside within the judicial district. Further the events giving rise to the claims asserted here occurred within the district.

Facts Common to All Counts

3.      That on or about May 1, 2005, Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, were attending a bachelor party at Captain Ron's in the Village of Creve Coeur, County of Tazewell and State of Illinois.

4.      That at the aforesaid time and place, Justin Martin, one of the group attending the bachelor party got into a disagreement with another patron at Captain Rons and was asked to leave.

5.      As Justin Martin was waiting at the door for the bachelor party, the security personnel of Captain Ron's began shoving him resulting in a large shoving match at the bachelor party was leaving Captain Ron's.

6.      That Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, were attempting to get the bachelor party onto the bus and keep the group for the bachelor party calm.

7.      As the bachelor party was loading onto the bus, police officers began arriving on the scene, including Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER.

2

8.      Plaintiff, DAVID DRIGGERS was standing by the bus with both hands out in front of him, palms down and was telling everyone to be calm.

9.      As Plaintiff, DAVID DRIGGERS, made this statement, one of the Creve Coeur officers began striking Plaintiff, DAVID DRIGGERS, in the back of the head multiple times with his flashlight.

10.     Plaintiff, DEREK DRIGGERS, asked the officers to stop the unwarranted assault on his brother, DAVID DRIGGERS.

11.     Three or four of the officers grabbed Plaintiff, DEREK DRIGGERS, drug him over the top of Plaintiff, DAVID DRIGGERS, pinned him to the ground and began striking him in the head.

12.     The attacks on Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, did not stop until the crowd began yelling for the officers to stop hitting them and that what they were doing was wrong.

13.     That after handcuffing Plaintiff, DEREK DRIGGERS, one of the officers from the Creve Coeur Police Department began verbally harassing Plaintiff, DEREK DRIGGERS, calling him a "fucking bitch" and stating that they had "kicked everyone's ass".

14.     That the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, in taking the actions alleged above, were acting under color of law.

15.     That Defendant, CREVE COEUR POLICE DEPARTMENT, knew or should have known that Defendants, MICHAEL SANDERS, PAUL J. WALTERS and/or

BRIAN DESPINES, had violent tendencies and/or violated the constitutionally guaranteed rights of civilians.

16.    That despite this Defendant, CREVE COEUR POLICE DEPARTMENT, continued to employ MICHAEL SANDERS, PAUL J. WALTERS and/or BRIAN DESPINES.

17.    That Defendant, CREVE COEUR POLICE DEPARTMENT, allowed Defendants, MICHAEL SANDERS, PAUL J. WALTERS and/or BRIAN DESPINES, to violate the constitutionally guaranteed rights of Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS.

18.    That as a result of the actions of the Defendants, Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, sustained severe personal and emotional injuries and lost wages and suffered severe mental anguish.

19.    That as a result of their personal injuries, Plaintiffs, DEREK DRIGGERS and DAVID DRIGGERS, incurred medical expenses and were unable to attend to their usual business and affairs.

## COUNT I
### (§1983 Excessive Use of Force)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se*, and pursuant to 42 U.S.C. §1983 brings Count I of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.    Plaintiff restates and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count I.

4

20.     The actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, amounted to an excessive use of force onto the Plaintiffs. This conduct violated the Plaintiffs' Fourteenth Amendment rights to be free from the use of excessive force.

21.     The aforementioned actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were the direct and proximate cause of the constitutional violations set forth above.

22.     The aforementioned actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were committed while said Defendants were acting under color of law.

23.     The aforementioned actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were intentional, grossly negligent and/or amounted to reckless or callous indifference to the constitutional rights of Plaintiffs.

WHEREFORE, Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

A.     Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.     Punitive damages;

5

C.     All costs;

D.     Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

**COUNT II
(§1983 – Creve Coeur Police Department)**

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se,*
and pursuant to 42 U.S.C. §1983 brings Count II of their Complaint against Defendants and
in support thereof states and alleges as follows:

1-19.   Plaintiff restates and realleges paragraphs 1 through 19 herein as and for
paragraphs 1 through 19 of this Count II.

20.     The actions of the Defendant, CREVE COEUR POLICE DEPARTMENT,
in retaining Defendants, MICHAEL SANDERS, PAUL J. WALTERS and BRIAN
DESPINES, amounted to excessive force on Plaintiffs.   This conduct violated the
Plaintiffs' Fourteenth Amendment rights to be free from the use of excessive force.

21.     The aforementioned actions of the Defendant, CREVE COEUR POLICE
DEPARTMENT, were the direct and proximate cause of the constitutional violations set
forth above.

22.     The aforementioned actions of the Defendant, CREVE COEUR POLICE
DEPARTMENT, were committed while said Defendants' agents were acting under color
of law.

6

23.     The aforementioned actions of the Defendant, CREVE COEUR POLICE DEPARTMENT, were intentional, grossly negligent and/or amounted to reckless or callous indifference to the constitutional rights of Plaintiffs.

WHEREFORE, Plaintiff, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

A.      Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.      Punitive damages;

C.      All costs;

D.      Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT III
### (Assault and Battery - State Claim)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se,* and brings Count III of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.   Plaintiff restates and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count III.

20.     The actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, placed Plaintiffs, DEREK DRIGGERS AND

7

DAVID DRIGGERS, in reasonable apprehension and fear for their safety in violation of the laws of the State of Illinois.

21.  The actions of Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, amounted to an unjustified and offensive physical contact, undertaken willfully and wantonly, in violation of the laws of the State of Illinois.

22.  The aforementioned actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were the direct and proximate cause of the violation of the laws of the State of Illinois set forth above.

WHEREFORE, Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

A.  Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.  Punitive damages;

C.  All costs;

D.  Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

8

## COUNT IV
### (Intentional Infliction of Emotional Distress - State Claim)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se,* and brings Count IV of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.  Plaintiff restate and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count IV.

20.    The actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were extreme and outrageous.

21.    That Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, knew or should have known that their actions were likely to cause physical injury and severe emotional distress to Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS.

22.    That the actions of Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, did, in fact, cause physical injury and severe emotional distress to Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, in violation of the laws of the State of Illinois.

23.    The aforementioned actions of the Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, RYAN SCHUBERT, RON CHERRY, DARYL STOECKER and BRENT TROYER, were the direct and proximate cause of the violation of the laws of the State of Illinois set forth above.

WHEREFORE, Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

      A.      Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

      B.      Punitive damages;

      C.      All costs;

      D.      Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT V
## (Negligent Retention - CREVE COEUR POLICE DEPARTMENT)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se*, and brings Count V of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.    Plaintiff restate and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count V.

20.    The Defendant, CREVE COEUR POLICE DEPARTMENT, has continued to retain MICHAEL SANDERS, PAUL J. WALTERS and BRIAN DESPINES, notwithstanding the fact that they knew of should have known that these officers had or were likely to use excessive force.

WHEREFORE, Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

10

A.     Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.     Punitive damages;

C.     All costs;

D.     Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.


## COUNT VI
## (745 ILCS 10/9-102 Claim - CREVE COEUR POLICE DEPARTMENT)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se,* and pursuant to 745 ILCS 10/9-102 brings Count VI of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.   Plaintiff restate and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count VI.

20.     The Defendant, CREVE COEUR POLICE DEPARTMENT, is the employer of Defendants, MICHAEL SANDERS, PAUL J. WALTERS and BRIAN DESPINES.

21.     The Defendants, MICHAEL SANDERS, PAUL J. WALTERS and BRIAN DESPINES, as alleged above, committed the acts under color of law and in the scope of their employment as employees for the CREVE COEUR POLICE DEPARTMENT.

WHEREFORE, Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

11

A.    Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.    Punitive damages;

C.    All costs;

D.    That pursuant to 745 ILCS 10/9-102 the Defendant, CREVE COEUR POLICE DEPARTMENT, pay any judgment obtained against Defendants, MICHAEL SANDERS, PAUL J. WALTERS and/or BRIAN DESPINES, as a result of this Complaint.

E.    Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

## COUNT VII
### (Respondeat Superior - CREVE COEUR POLICE DEPARTMENT)

NOW COME Plaintiffs, DEREK DRIGGERS AND DAVID DRIGGERS, *pro se,* and brings Count VII of their Complaint against Defendants and in support thereof states and alleges as follows:

1-19.  Plaintiff restate and realleges paragraphs 1 through 19 herein as and for paragraphs 1 through 19 of this Count VII.

20.    The Defendant, CREVE COEUR POLICE DEPARTMENT, is the employer of Defendants,  MICHAEL SANDERS, PAUL J. WALTERS and BRIAN DESPINES.

21.    The acts of Defendants, MICHAEL SANDERS, PAUL J. WALTERS, BRIAN DESPINES, as alleged above, were in the scope of their employment and therefore the Defendant, CREVE COEUR POLICE DEPARTMENT, as principal is liable for the

12

actions of its agents, MICHAEL SANDERS, PAUL J. WALTERS and BRIAN DESPINES, under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, DEREK DRIGGERS AND DAVID DRIGGERS, respectfully requests that this Court enter Judgment in favor of Plaintiffs and against Defendants as follows:

A.    Compensatory damages in excess of One Hundred Thousand Dollars, jointly and severally;

B.    Punitive damages;

C.    All costs;

D.    Such other additional relief as this Court may deem equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

DEREK DRIGGERS

DAVID DRIGGERS

Derek and David Driggers
20l Falcon
Green Valley, Illinois  61534
Telephone:  (309) 642-1659

13